# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**YOGESH SHAH,**
       **Petitioner,**

      v.                 **§ 2255 Case No. 03-C-1266**
                              **Criminal Case No. 99-CR-211**

**UNITED STATES OF AMERICA,**
       **Respondent.**

## DECISION AND ORDER

### I. FACTS AND BACKGROUND

On October 5, 2000, I found petitioner Yogesh Shah guilty of bank and wire fraud, and inducing a person to travel in interstate commerce in execution of a scheme to defraud, following a court trial. I set the matter for sentencing on January 11, 2001. Petitioner filed a motion for acquittal or a new trial, but requested additional time to file a supporting memorandum after completion of the trial transcripts. Without objection from the government, on November 14, 2000, I granted petitioner leave to file a memorandum two weeks after the trial transcripts were completed.

However, in December 2000 petitioner absconded to his native India, and no supporting memorandum was filed. Petitioner was eventually apprehended and returned to the United States in April 2002. On July 1, 2002, I sentenced him to a total of 144 months in prison on the

fraud charges.[1] Petitioner filed a notice of appeal but later dismissed the appeal.[2]

On November 17, 2003, petitioner filed a motion to vacate his convictions under 28 U.S.C. § 2255. He alleged that his trial and appellate lawyers[3] were ineffective,[4] the indictment was deficient and was constructively amended at trial, the evidence was insufficient, his sentence was improperly enhanced, and the government presented perjured testimony at trial. Petitioner requested that I take no action on the motion until he could prepare a supporting brief, which he filed on May 27, 2004. I ordered the government to respond and allowed petitioner to reply. Petitioner subsequently filed various additional submissions, and on December 3, 2004, the government responded that it stood on its initial submission.

Upon reviewing the submissions, I concluded that it made the most sense to first address petitioner's claim that his appellate counsel was ineffective in inducing him to dismiss his appeal, for if petitioner prevailed on that claim he could resurrect his direct appeal and present his other claims in that proceeding. Therefore, on April 21, 2005, I ordered supplemental briefing on that claim, as the parties had not focused on it in their previous filings. (R. 24.) Following various additional submissions and briefing, on March 13, 2006, I concluded

---

[1] I do not recall the issue of the post-conviction motions being raised between petitioner's apprehension and his sentencing, and the docket does not reflect specific action being taken on the motions.

[2] In a separate proceeding, I sentenced petitioner to six months in prison, consecutive, based on his violation of 18 U.S.C. § 3146. Petitioner did not appeal that conviction and sentence, nor did he challenge them under § 2255.

[3] Petitioner was represented by several different lawyers at the pre-trial (Steve Kravit, David Clowers, William Marquis), trial (Peter Kovac) and sentencing/appeal (Jonathan Smith) phases.

[4] His claim of ineffective assistance of appellate counsel was based on an allegation that Smith misled him into dismissing his direct appeal.

2

that a hearing was necessary to decide the claim. (R. 57.) I appointed counsel for petitioner[5] and held a hearing on July 24, 2006. On July 28, 2006, I issued a decision granting petitioner's motion on the issue of ineffective assistance of appellate counsel. I dismissed his other claims without prejudice. I further ordered that the judgment in his criminal case be vacated and a new judgment entered so that petitioner could take a new direct appeal with the assistance of counsel. I delayed re-entering the judgment for ten days in order to allow time for the appointment of counsel. (R. 85.)

However, rather than allowing the direct appeal to proceed, on August 2, 2006, petitioner filed a memorandum in support of the motion for acquittal, Fed. R. Crim. P. 29, and/or a new trial, Fed. R. Crim. P. 33, which his trial lawyer had filed in November 2000, as well as a motion to dismiss the indictment as defective under Fed. R. Crim. P. 12(b). Two days later, he filed a memorandum in support of the Rule 29/33 motion, arguing that the prosecutor engaged in misconduct.

I ordered briefing on whether I had the authority to address the merits of the motions at this late date. Upon review of the briefs and the entire record, I conclude that the motions are not properly considered at this stage of the litigation. I therefore deny the motions. The matter will now proceed on direct appeal.[6]

---

[5]Petitioner later fired his appointed lawyer and decided to proceed at the hearing pro se.

[6]On January 30, 2007, petitioner filed a motion under Fed. R. Crim. P. 23(c) requesting findings of fact in support of the verdict. Requests for findings under that Rule must be made "before the finding of guilty." Fed. R. Crim. P. 23(c). It is too late to request findings now, so the motion is dismissed.

3

## II. DISCUSSION

**A.    Rule 29/33 Motion**

Relying primarily on United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir. 1988), petitioner contends that I have the authority to decide his motion for acquittal or a new trial based on the "open ended extension" I granted on November 14, 2000. However, he ignores the fact that he filed no supporting memorandum and did not renew his motions prior to sentencing. The Seventh Circuit has held that:

> Any pre-sentencing motions must be resolved at or before sentence is imposed – for otherwise the sentence is not a final judgment and the defendants will be frustrated in their attempts to appeal it, at the same time as the district judge retains an unauthorized measure of control over events after sentencing. If the district judge neglects to rule on pending motions, we treat all as denied automatically by the imposition of sentence. See United States v. Van Wyhe, 965 F.2d 528, 530 n.2 (7th Cir. 1992). That understanding ends the district judge's role when sentencing occurs, as the Sentencing Reform Act demands, and ensures that the judgment is final so that defendants may press their contentions in a new forum. It also means that there is never a need for an additional notice of appeal to contest rulings (or inaction) on pre-sentencing motions. The district court lost its authority over these cases when the sentences were imposed, and the defendants' notices of appeal brought up all issues – including those that the district court failed to address before sentencing.

United States v. Rosby, 454 F.3d 670, 675 (7th Cir.), cert. denied, 127 S. Ct. 607 (2006). Therefore, to the extent that petitioner's motion was not ruled upon prior to sentencing, it was automatically denied by the imposition of sentence.[7] Because the motion was denied, the "open ended" extension ended along with it.

Further, petitioner ignores the fact that his motion was not presented and heard due to

---

[7]In its § 2255 response, the government states that it recollects that I denied petitioner's post-conviction motions at the start of the sentencing hearing. I do not recall doing so, but regardless, by imposing sentence I effectively denied the motions.

4

his flight.[8] Under the fugitive disentitlement doctrine, courts routinely dismiss appeals and/or post-convictions motions, see, e.g., Smith v. United States, 94 U.S. 97 (1876); United States v. Lanier, No. 99-5983, 2000 U.S. App. LEXIS 28047 (6th Cir. Nov. 6, 2000), as well as other claims for judicial review, Sapoundjiev v. Ashcroft, 376 F.3d 727, 728-29 (7th Cir. 2004), filed by fugitives. Thus, unlike in Walgren, petitioner was not diligent in seeking to present his claims; instead, he fled the country in an effort to defeat the judicial process.

Finally, as the government notes, petitioner's filing of these motions now defeats the entire purpose of the § 2255 litigation in which the parties engaged over a nearly two year period. I decided, with the agreement of the parties, that I would decide the issue of ineffective assistance of appellate counsel first and that if such issue was resolved favorably to petitioner, he could present his other claims, including the alleged insufficiency of the evidence and the indictment, on direct appeal. It makes no sense to press these claims now, given the manner in which the § 2255 litigation proceeded. This is particularly so given that petitioner does not have to challenge the sufficiency of the evidence in a Rule 29 motion in order to preserve the issue for appeal, since he had a court trial. See, e.g., United States v. South, 28 F.3d 619, 617 (7th Cir. 1994).

Therefore, the Rule 29/33 motion was effectively denied at the time of sentencing, and petitioner's memorandum is not properly presented at this time.[9]

---

[8]It is my understanding from the evidentiary hearing that after petitioner fled the court reporter was told to stop preparing the trial transcripts.

[9]In a letter filed on August 6, 2006, petitioner argues that his lawyer was ineffective in not pressing the Rule 29/33 motion prior to sentencing. However, he did not present such a claim in his § 2255 motion, and it is too late to do so now, after two years of litigation, a hearing, and a decision in his favor.

5

**B.    Rule 12(b) Motion**

Petitioner does not claim that I granted any extension for filing motions under Fed. R. Crim. P. 12(b). Instead, he argues that because he challenges the sufficiency of the indictment to state an offense, he can file the motion at any time. He is wrong.

Fed. R. Crim. P. 12(b)(3)[10] provides, in pertinent part:

The following must be raised before trial:

(A) a motion alleging a defect in instituting the prosecution;

(B) a motion alleging a defect in the indictment or information – but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense[.]

Even if petitioner's motion is of the sort that need not be filed before trial, the court's authority to dismiss an indictment that fails to state an offense ends with the entry of judgment. See, e.g., United States v. Nelson, 48 Fed. Appx. 308, 310 (10th Cir. 2002) (stating that "a Rule 12(b)(2) motion may not be filed after judgment and sentence have been entered"); United States v. Nelson, 177 F. Supp. 2d 1181, 1189 (D. Kan. 2001) (stating that although "a defendant's objection that the indictment fails to charge an offense shall be noticed by the court at any time during the pendency of the proceedings . . . Rule 12(b)(2) cannot be invoked as the basis for a motion after the judgment and sentence have been entered"); Holmes v. United States, 00-CV-1632, 2000 U.S. Dist. LEXIS 20422, at *3 (N.D.N.Y. Nov. 7, 2000) (rejecting argument that "a motion to dismiss for lack of jurisdiction can be made at any time [because] a motion may not properly be made under Rule 12(b)(2) for lack of jurisdiction after judgment has been entered"). Petitioner's criminal case has been over for four and one-half years.

---

[10]In his motion, petitioner cites Rule 12(b)(2), but the Rule has since been modified. See Fed. R. Crim. P. 12 advisory committee's note (2002 Amendments).

6

Therefore, the motion is not properly before me.[11]

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's memorandum in support of a motion for acquittal and/or a new trial and his motion to dismiss the indictment are **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for findings of fact under Fed. R. Crim. P. 23(c) is **DISMISSED**.

Consistent with my decision of July 28, 2006,

**IT IS FURTHER ORDERED** that petitioner's § 2255 motion is **GRANTED** on the issue of ineffective assistance of appellate counsel, as stated therein.  Petitioner's remaining § 2255 claims are **DISMISSED WITHOUT PREJUDICE** and may be raised on direct appeal.

**IT IS FURTHER ORDERED** that the original Judgment in a criminal case dated July 3, 2002, is vacated, and that a new Judgment be entered as of today's date.  Petitioner has ten days to file a notice of appeal.  In order to expedite the appeal process, I will direct the clerk of this court to file a notice of appeal on petitioner's behalf.  I will further advise the court of appeals, pursuant to Circuit Rule 51(a), that new counsel should be appointed to represent petitioner on appeal.  I previously determined that petitioner was indigent.  Therefore, he is permitted to appeal in forma pauperis and with the assistance of appointed counsel.[12]

---

[11] It is true that defendants can sometimes challenge their indictments under § 2255. (Petitioner did so in his § 2255 action.)  But Rule 12 is out of the picture after judgment is entered.  I further note that petitioner cannot take advantage of the fact that I ordered that his criminal judgment be vacated and a new judgment entered after finding that his appellate counsel was ineffective.  This is merely the manner in which district courts re-instate a defendant's direct appeal rights.  It does not signify a re-opening of the criminal case in the district court and allow the filing of more motions.

[12] On November 27, 2006, a lawyer named David Kenner entered an appearance on petitioner's behalf.  However, Kenner filed nothing further on the pending motions; nor did he

7

**FINALLY, IT IS ORDERED** that the clerk enter judgement in the § 2255 case consistent with this Order and the July 28, 2006 Order.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

request an extension of time for such filings. Further, petitioner continued to file papers pro se. Thus, I am uncertain as to Kenner's status in this matter. I will direct the clerk to send a copy of this Order to Kenner, and he may seek to represent petitioner on appeal if such is desired.

8