# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

    **v.**                                       **Case No. 99-CR-211**

**YOGESH SHAH,**
        **Defendant.**

## DECISION AND ORDER

### I.

Defendant Yogseh Shah devised and executed a scheme to defraud investors, lenders and others engaged in transactions with his business, 1043 Development Corporation. The object of the scheme was to obtain funds through false and fraudulent pretenses, representations and promises regarding the financial condition of 1043, the circumstances of financial transactions, and security pledged to obtain financing. The indictment alleged that defendant executed the scheme in various ways and contained five specific fraud-related counts, as well as two counts of money laundering.

Following a court trial, I found defendant guilty of two counts of bank fraud (counts one and five), 18 U.S.C. § 1344, two counts of wire fraud (counts two and three), 18 U.S.C. § 1343, and one count of interstate travel in furtherance of fraud (count four), 18 U.S.C. § 2314, but acquitted on the money laundering counts (counts six and seven). I sentenced defendant to 144 months on counts one and five, 60 months on counts two and three, and 120 months on count four, all running concurrently, for a total of 144 months' imprisonment.

Defendant filed but withdrew a direct appeal on the advice of his then-counsel.

However, I later reinstated defendant's appeal rights on his 28 U.S.C. § 2255 motion, finding his appellate counsel ineffective. The Seventh Circuit then vacated defendant's conviction on count four but otherwise affirmed, dismissing his remaining arguments as frivolous. United States v. Shah, 559 F.3d 643, 643-44 (7th Cir. 2009).[1] The court of appeals remanded for re-sentencing in light of the acquittal and under Booker's advisory guideline regime.[2] Id. at 644. Defendant raised no challenge to his sentence on appeal.

On remand, defendant initially indicated that he would proceed pro se but then, at my suggestion, agreed to accept assistance from Federal Defender Services, and I appointed Federal Defender Daniel Stiller. Defendant apparently disagreed with Attorney Stiller's approach, so he retained private counsel, Peter Kovac. After missing several deadlines, Kovac eventually submitted a memorandum in support of re-sentencing, in which he challenged the loss amount determined at the initial sentencing. Specifically, he argued that based on the dismissal of count four losses to private investors were no longer properly considered, and that liquidation of collateral had reduced or eliminated the losses to institutional lenders. He further argued that the losses to the individual investors were not the result of relevant conduct under the sentencing guidelines, and that those investors received significant payments which should be credited against the loss. Finally, he argued, as it pertained to count five (a bank fraud charge based on defendant's forgery of endorsements on a check), that defendant was entitled to deposit the insurance check at issue because his company made repairs to the subject

---

[1] The basis for the count four acquittal was that the government failed to prove that defendant induced a "victim" of his fraudulent scheme to travel interstate, as § 2314 requires. Id. at 643-44.

[2] I sentenced defendant pre-Booker, under mandatory sentencing guidelines.

2

property. He did not otherwise address the sentencing factors under 18 U.S.C. § 3553(a).

At the sentencing hearing, defendant proposed scheduling an evidentiary hearing where he would call witnesses, including an accountant, in support of his loss arguments. The government opposed this approach, arguing that new fact-finding and re-visitation of loss amount were outside the scope of the mandate issued by the court of appeals. Before proceeding with a potentially lengthy hearing to address defendant's new factual contentions, I ordered briefs on the scope of the remand. Those briefs are now in, and I issue the following order.

## II.

"[T]he scope of the remand is determined not by formula, but by inference from the opinion as a whole." United States v. Parker, 101 F.3d 527, 528 (7th Cir. 1996). In the present case, the court of appeals stated, in pertinent part:

> [T]he defendant is entitled to an acquittal on the section 2314 count, and hence to a cancellation of the special assessment of $100 imposed for his conviction on that count. And although he received concurrent sentences (apart from the assessment), he is entitled to a shot at persuading the judge to give him a lighter sentence in view of the acquittal that we are directing.
>
> Moreover, in deciding on his original sentence, the judge treated the guidelines as mandatory because the sentencing hearing occurred in 2002, before they were made advisory by United States v. Booker, 543 U.S. 220 (2005). The defendant appealed, but then on advice of his appellate counsel voluntarily dismissed the appeal. He spent the next five years trying to persuade the judge that his appellate counsel, in recommending dismissal of the appeal, had rendered ineffective assistance of counsel. The judge eventually agreed, and re-entered the original judgment in order to enable the defendant to file this appeal. The government agrees that the defendant is entitled to a limited remand in order to enable the judge to decide whether to give the defendant a lighter sentence under the advisory-guideline regime created by the Booker decision. United States v. Paladino, 401 F.3d 471 (7th Cir. 2005). But since the defendant must be resentenced because of the partial acquittal that we are ordering, there is no occasion for a limited remand. In deciding on the defendant's new sentence, the judge will perforce be applying the standard of the

3

Booker decision.

And so the judgment is affirmed in part, reversed in part, and remanded with instructions.

Shah, 559 F.3d at 644.

Thus, the appellate decision provides that defendant is entitled to re-sentencing (1) in order to attempt to persuade me that a lower sentence is warranted given the acquittal on count four and (2) under Booker and § 3553(a). Nothing in the decision suggests that re-visitation of loss or other guideline issues is required.

Further, the Seventh Circuit has set forth two general limitations on the scope of a remand: (1) "'any issue that could have been but was not raised on appeal is waived and thus not remanded,'" United States v. Schroeder, 536 F.3d 746, 751 (7th Cir. 2008) (quoting United States v. Husband, 312 F.3d 247, 250 (7th Cir. 2002)), and (2) "'any issue conclusively decided by this court on the first appeal is not remanded.'" Id. (quoting Husband, 312 F.3d at 251).[3] The first of those limitations applies here. As noted above, defendant raised no sentencing issues on his direct appeal. Under these circumstances, it is quite clear that I need not re-visit the guidelines. See, e.g., United States v. Erpenbeck, 532 F.3d 423, 434-35 (6th Cir.) (holding, on Booker remand, that the district court did not err in freezing the record as to the loss incurred by the construction lenders as of the time of defendant's original sentencing for bank fraud), cert. denied, 129 S. Ct. 518 (2008); United States v. Mitchell, 232 Fed. Appx. 513, 517 (6th Cir. 2007) (holding that the district court need not revisit the guidelines on a Booker

---

[3]See also United States v. Whren, 111 F.3d 956, 960 (D.C. Cir. 1997) ("[U]pon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision – whether by the reasoning or by the result.").

4

remand). Nor need I order a new pre-sentence report ("PSR") or consider belated objections to the facts in the original PSR. See United States v. Sexton, 512 F.3d 326, 333 (6th Cir.) (explaining that preparation of a new PSR is not generally required on remand for re-sentencing), cert. denied, 128 S. Ct. 304 (2008); United States v. Smith, 257 Fed. Appx. 598, 602 (3d Cir. 2007) (holding that the district court did not err in failing to order a new PSR or make new findings of fact at a re-sentencing).

In United States v. Longoria, 229 Fed. Appx. 408 (7th Cir. 2007), the court rejected as frivolous a similar argument. In that case, the defendants' sentences were vacated and their cases remanded for re-sentencing under Booker. On remand, one of the defendants, Duran, urged the district court to reduce his criminal history category on the basis that it over-represented the seriousness of his past crimes. The district court refused to recalculate the guideline range, finding that the calculation was the law of the case. Id. at 412. The court of appeals rejected any challenge to this ruling as frivolous:

> We would review de novo whether an issue is law of the case. See Moore v. Anderson, 222 F.3d 280, 283 (7th Cir. 2000). The law-of-the-case doctrine requires a district court to confine its discussion to the issues remanded, see United States v. Morris, 259 F.3d 894, 898 (7th Cir. 2001), and bars the district court from addressing issues that could have been raised on appeal, but were not, see United States v. Husband, 312 F.3d 247, 251 n. 4 (7th Cir. 2002). Duran did not argue on his first appeal that the district court erred by not granting a downward adjustment to account for his criminal history, nor did he otherwise challenge the guidelines range calculation. Because we did not address the issues on Duran's first appeal, see Longoria, Nos. 03-1454, slip. op. at 1-4, we did not include them in our remand, see Husband, 312 F.3d at 251 n. 4; Morris, 259 F.3d at 898. Duran's guidelines calculation was accordingly the law of the case, see Husband, 312 F.3d at 251 n. 4, and it would be frivolous for him to argue that the court should have recalculated it.

Id. The same is true in the present case.

Defendant cites United States v. White, 406 F.3d 827 (7th Cir. 2005), but that case does

5

not require me to revisit the guidelines. In White, the court of appeals explained that when one count in a multi-count sentence is vacated, the package is unbundled, and the district judge may adjust the entire package to achieve an appropriate sentence in light of the remaining convictions. Id. at 832. I am certainly free do that here, if I find a different sentence warranted. The court of appeals also said that the district judge in the White case could, on remand, impose a new guideline enhancement in light of its rejection of another enhancement that covered the same conduct, which the district judge had previously been precluded from applying under the double counting rule. Id. at 833. White certainly does not say that a district court must on remand revisit guideline issues that could have been raised on direct appeal but were not.

Finally, the dismissal of count four does not require a new loss determination. Defendant argues that absent this count the case no longer involves any private investor losses but rather just his falsifying of leases and forging an endorsement on a check, which affected only banks. I see no basis for wiping away the private investor aspect of the scheme based on the vacating of this count, which pertained to a single execution of defendant's over-arching scheme. A scheme to defraud may be broader than the specific executions, see United States v. Venturella, 585 F.3d 1013, 1017 (7th Cir. 2009), and nothing in the appellate decision suggests that the government failed to prove losses to private investors or that such losses should on remand be disregarded. Nor does defendant's argument regarding the loss associated with count five, which seems to be a rehash of his previous argument relating to guilt, have merit.

Rejection of defendant's position does not convert this into a limited or Paladino remand. Nor does it mean that I may not re-evaluate the nature and circumstances of the offense under

6

§ 3553(a)(1). It simply means that the court will not receive evidence on and recalculate the loss amount. All appropriate arguments under § 3553(a) remain open to defendant, including that the nature and circumstances of the offense warrant a lesser sentence.[4]

### III.

**THEREFORE, IT IS ORDERED** that this matter is scheduled for **SENTENCING** on **Wednesday, January 27, 2010, at 2:00 p.m.**, consistent with this decision. I again invite defendant to file a brief addressing all of the factors in 18 U.S.C. § 3553(a). Such brief shall be filed no later than **January 19, 2010**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4] It is worth noting that revisiting these issues could result in a higher advisory guideline range. Under the current version of U.S.S.G. § 2B1.1(b)(1), loss exceeding $20,000,000, the amount I found at defendant's original sentencing, results in an enhancement of 22 levels, far greater than the 16-level enhancement applicable under the 1999 version I previously applied. A loss of just $1,000,000 is sufficient to trigger a 16-level enhancement under the 2009 guidelines. Based on the facts contained in the original PSR, it appears that the offense level under the 2009 guidelines would be 39, producing a range of 262-327 months. See U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); see also United States v. Demaree, 459 F.3d 791, 795 (7th Cir. 2006) (finding no ex post facto problem with applying current version of advisory guidelines). The government has not requested any recalculation of the guidelines, and I had presumed that I would under § 3553(a)(4) consider the range previously fixed. See 18 U.S.C. § 3742(g)(1); but see United States v. Anderson, 517 F.3d 953, 665-66 (7th Cir. 2008) (stating in dicta that, if the case had been remanded for re-sentencing, the district court would have to apply the current, harsher version of the guidelines).

7